IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JULIUS LEROY HARRISON, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:08-CR-32-RWS-GGB-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:14-CV-1034-RWS-GGB |

## FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, through appointed counsel, challenges

under 28 U.S.C. § 2255 his convictions for armed bank robbery and unlawful use

and possession of a firearm during the robbery.  (Doc. 171.)[1]  Respondent filed a

brief opposing the motion, (Doc. 176), and Movant filed a reply, (Doc. 178).  For

the reasons discussed below, the motion should be denied.

## I.     Background

The bank robbery in this case occurred in October 2006.  (Doc. 30.)  Movant

was indicted in February 2008, (Doc. 11), and a superseding indictment issued the

next month, (Doc. 30).  Attorney Timothy Saviello represented Movant from

February 2008 through sentencing.  (Docs. 14, 134.)

_____

[1] All citations to the record are to case number 1:08-cr-32-RWS-GGB.

On December 15, 2009, a jury trial began.  (Doc. 99.)  The next day, Movant pled guilty pursuant to a negotiated, binding plea agreement.  (Doc. 102-1 ("Plea Agr."); Doc. 108 ("Plea Tr.").)

Movant faced a mandatory sentence of life imprisonment if a jury convicted him of the armed bank robbery.  (Plea Agr. at 2.)  Movant's binding plea agreement required a sentence of 420 months in prison.  (*Id.* at 4.)

The plea agreement contained a limited appeal waiver, which precludes Movant from challenging his convictions and sentence, including via § 2255.  (*Id.* at 8.)  The Court discussed that waiver with Movant at the plea hearing, and Movant said he understood and agreed to it.  (Plea Tr. at 11-12, 17-18.)

Sentencing was set for April 2010.  (Doc. 106.)  Prior to sentencing, Movant notified the Court that he wished to withdraw his guilty plea.  The Court held a hearing on that issue on April 13, 2010.  (Docs. 145, 146.)

Movant told the Court at that hearing that he wanted to withdraw his plea because Saviello told him at trial that he could not bring witnesses to testify on his behalf.  (Doc. 145 at 2-3.)  Movant said he asked Saviello to subpoena people who worked at a Texaco service station in Ellenwood, Georgia (the location of the bank that was robbed) "during the time" of the bank robbery who might be able to testify

2

that Movant was working on those people's vehicles "during the time." (*Id.* at 6-7; Doc. 146 at 5-6.) Movant "was hoping that they could be like an alibi witness to the time where, you know, this thing happened and then where I actually was present at." (Doc. 146 at 4.) Movant did not know any of the purported alibi witnesses' names or how to identify or reach them. (Doc. 145 at 6-7; Doc. 146 at 5.) Movant said he would "know them when I see them, but I don't exactly know their names," (Doc. 146 at 5), and suggested that Saviello could have gone to the Texaco "and ask, maybe show them a picture of me," (Doc. 145 at 7.)

Saviello told the Court at the April 2010 hearing that he explored with Movant the possibility of finding alibi witnesses to testify at trial. (Doc. 146 at 10.) He said Movant had told him that he worked on cars at the Texaco as a side job at the time of the bank robbery and "told me that's what he thought he was doing on that particular day." (*Id.* at 11.) Saviello recalled that Movant "could not say specifically that it was that exact same date [as the robbery]. He did remember working on some cars for people around that time." (*Id.*) Saviello confirmed that Movant "could not remember their names or exactly what cars he was working on." (*Id.*)

3

Movant did recall the name of a friend who occasionally took him to the Texaco, and he identified that person to Saviello.  (*Id.*)  Saviello tried to find that person, but was unable to do so as three years had passed from the time of the robbery to when he learned of the person.  (*Id.* at 12.)  Police interviewed the person earlier, though, and obtained a statement from him that contradicted Movant's recollection.  (*Id.* at 11-12.)

Saviello did not dispute Movant's representation that Saviello never tried to find the unidentified Texaco employees who might have been alibi witnesses.  (*Id.* at 11-13.)  Movant provided no additional information about the potential alibi witnesses, to the Court or Saviello, and did not even say that any of those persons saw him at the Texaco at the time of the bank robbery.  (*Id.* at 4-13.)

Movant told the Court that Saviello's failure to investigate the potential alibi witnesses left him no "choice but to plead out . . . I felt like I had no choice but to plead guilty."  (Doc. 145 at 3-4.)  Movant felt that if he had continued with the trial despite Saviello's failure to investigate the potential alibi witnesses, he would have "end up getting life" imprisonment.  (*Id.* at 3.)

The Court denied Movant's request to withdraw his guilty plea.  (*Id.* at 7-8.)  The Court later sentenced Movant to 420 months' imprisonment – the sentence

4

Movant agreed to as part of his binding plea agreement.  (Docs. 118, 133.)  Movant obtained new counsel and appealed, arguing that his guilty plea was involuntary, the Court erroneously denied his request to withdraw the plea, and the plea resulted from ineffective assistance of counsel.  *United States v. Harrison*, 505 F. App'x 876, 879 (11th Cir. 2013).

The court of appeals denied Respondent's motion to dismiss the appeal pursuant to the appeal waiver in Movant's plea agreement because Movant "did not knowingly and voluntarily waive his right to appeal the district court's denial of his motion for leave to withdraw his guilty plea."  (Doc. 178-1).  But as noted above, Movant challenged on appeal not only the denial of his motion to withdraw his plea, but also the plea itself on the ground that it was "involuntary, the product of his loss of all confidence in his attorney's ability to defend him."  *Harrison*, 505 F. App'x at 879.  Movant told the court of appeals, as he told this Court, that "he felt forced to plead guilty to avoid a certain life sentence."  *Id.*  The court of appeals adjudicated on the merits the claim that the plea was involuntary, thus implicitly finding that it was not barred by the appeal waiver.  *Id.* (reviewing the claim "*de novo*").

5

The court of appeals found that Movant knowingly and voluntarily pled guilty and that the Court did not abuse its discretion in denying his request to withdraw his plea. *Id.* at 879-80. The court of appeals did not address Movant's claim that he pled guilty because of Saviello's ineffectiveness because that claim "is best determined in a collateral proceeding brought under 28 U.S.C. § 2255, where a complete evidentiary hearing can be afforded and all of the relevant information weighed." *Id.* at 880-81. Contrary to Movant's contention, the court of appeals did not find that an evidentiary hearing was necessary or instruct this Court to hold one. *Id.*

After losing his direct appeal, Movant sought appointment of new counsel to represent him in § 2255 proceedings. (Doc. 166.) The Court granted that request and appointed Thomas Wooldridge, Movant's current counsel, in May 2013. (Doc. 168.) Movant filed his § 2255 motion in April 2014. (Doc. 171.)

Movant's claim that he pled guilty because of Saviello's alleged ineffectiveness in not investigating the potential Texaco alibi witnesses is the only claim in his § 2255 motion. (*Id.*) Movant repeats the allegations that he made at the April 2010 hearing regarding his request to withdraw his plea. (*Id.*) He offers

6

no new facts or evidence.  (*Id.*)  Respondent contends that the claim is barred by the appeal waiver and that it fails on its merits.  (Doc. 176.)

## II.    Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).  As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d

7

1305, 1314 (11th Cir. 2000).  To establish deficient performance, a movant must establish that no competent lawyer would have taken the action that his lawyer took.  *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

A defendant who pled guilty must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  But "[a] simple statement to that effect is insufficient."  *Upshaw v. United States*, No. 2:07-CV-111-FTM-33DNF, 2008 WL 638261, at *2 (M.D. Fla. Mar. 5, 2008); *see Stewart v. Tucker*, No. 3:09CV452/LAC/EMT, 2011 WL 5983944, at *15 (Nov. 16, 2011) ("A conclusory, after-the-fact statement that Petitioner would not have pled guilty, without more, is insufficient to establish prejudice under *Strickland*."), *R&R adopted by* 2011 WL 5981003 (N.D. Fla. Nov. 28, 2011).  The Supreme Court clarified in *Hill* that

8

> [i]n many guilty plea cases, the "prejudice" inquiry will closely
> resemble the inquiry engaged in by courts reviewing
> ineffective-assistance challenges to convictions obtained through a
> trial. For example, where the alleged error of counsel is a failure to
> investigate or discover potentially exculpatory evidence, the
> determination whether the error "prejudiced" the defendant by causing
> him to plead guilty rather than go to trial will depend on the likelihood
> that discovery of the evidence would have led counsel to change his
> recommendation as to the plea. *This assessment, in turn, will depend in
> large part on a prediction whether the evidence likely would have
> changed the outcome of a trial.*

*Hill*, 474 U.S. at 59 (emphasis added).  "In other words, the question of whether a defendant would have insisted upon going to trial had attorney error not occurred with respect to the guilty plea will turn in large part upon whether the defendant might reasonably have achieved a more favorable outcome had he gone to trial." *Pleas v. Sapp*, No. 4:07-CV-00292-MP-WCS, 2008 WL 3852701, at *5 (N.D. Fla. Aug. 13, 2008).

A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one."  *Id.* at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  *Id.*

An evidentiary hearing on a claim in a § 2255 motion is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is

entitled to no relief."  28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973).  That is the case if a movant does not proffer credible evidence in support of his allegations, i.e., if he does not identify the evidence he plans to present at a hearing and that would, if believed, entitle him to relief.  *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006).  It is not sufficient to merely allege facts that would support relief because "clear precedent establish[es] that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support."  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 n.7 (11th Cir. 2002).

## III.   Analysis

The threshold issue is whether Movant's ineffective assistance claim is barred by the appeal waiver in his plea agreement.  I find that it is not because the claim challenges the voluntariness, i.e., the validity, of Movant's guilty plea.

While the U.S. Court of Appeals for the Eleventh Circuit has not "specifically reached the issue of whether a valid appeal waiver can preclude § 2255 claims based on ineffective assistance of counsel that challenge the validity of the plea or the waiver itself," it has held in unpublished cases that a waiver did not bar such claims.  *Patel v. United States*, 252 F. App'x 970, 974 (11th Cir.

2007); *see Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005)

(noting "there may be a distinction between a § 2255 claim of ineffective assistance

in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or

a claim challenging the validity of the plea or agreement," but finding it

unnecessary to decide the issue).  The defendant in *Patel* had an appeal waiver like

Movant's and, like Movant, "explicitly challenge[d] the validity of his guilty plea"

on the basis of ineffective assistance of counsel.  *Patel*, 252 F. App'x at 972, 975.

The court of appeals held that the claim was not barred by the appeal waiver.  *Id.* at

975.

Movant's plea agreement, and the appeal waiver in it, is an inseparable part

of the plea itself.  Because Movant contends that he did not voluntarily plead guilty

– he says he pled guilty because he had no meaningful choice given Saviello's

alleged refusal to investigate alibi witnesses – the validity of the plea, and thus the

plea agreement, is at issue.  I thus find that the plea agreement does not bar

Movant's claim.[2]  *See id.*; *Sylvester v. United States*, No. 1:07-CR-345-RWS-GGB,

2014 WL 1608504, at *4 (Jan. 2, 2014) ("Sylvester contends in Ground One that

---

[2] The court of appeals' implicit finding that the appeal waiver did not bar
Movant's challenge to the voluntariness of his plea on direct appeal supports this
conclusion.  *See supra* Part I.

11

his guilty plea was not made intelligently or voluntarily. This claim affects the validity of the plea itself and is not barred by the waiver."), *R&R adopted by* 2014 WL 1608503 (N.D. Ga. Apr. 22, 2014); *Eleanya v. United States*, No. 1:11-CR-282-CAP-3, 2013 WL 2434568, at *3 (N.D. Ga. June 4, 2013) ("Eleanya's challenges to the validity of his guilty plea based on ineffective assistance are not barred by his appeal waiver.").

As for the merits of his ineffective assistance claim, Movant focuses solely on the deficient performance prong of *Strickland*'s two-part test.  (Doc. 171 at 11-13; Doc. 178 at 5-8.)  Movant wants an evidentiary hearing so that he and Saviello can testify "regarding what steps were taken to identify and discover alibi witnesses" and investigators can testify "whether they made any attempts to find the alibi witnesses."  (Doc. 178 at 6.)  Movant contends that he has alleged facts that, if true, "would likely be ineffective assistance of counsel," namely that he "instructed [Saviello] . . . to present an alibi defense" and Saviello did not do so. (*Id.* at 7-8.)

I disagree.  As explained below, Movant's allegations, if true, may support a finding of deficient performance, but not prejudice.

AO 72A
(Rev.8/82)

Given Movant's prior admission to the Court that he gave Saviello no information supporting an alibi other than that unidentified employees at a Texaco station might have saw him there at the time of the robbery, it is difficult to fault Saviello for not acting on that speculation three years after the robbery. Saviello tried to find the only potential alibi witness Movant actually identified – a friend who he said often took him to the Texaco station – and that person contradicted Movant in a statement to police. As for not investigating unidentified Texaco employees whom Movant only speculates might have useful information, "[e]ven if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was so patently unreasonable that no competent attorney would have chosen it." *Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) (quotation marks omitted).

But the Court need not decide whether Saviello's performance was deficient – or whether to hold an evidentiary hearing on that issue – because "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *See Strickland*, 466 U.S. at 697. Movant has offered nothing more than speculation and

13

conclusory, self-serving allegations, which are insufficient to show prejudice or warrant an evidentiary hearing on the prejudice issue.

As discussed in Part II, above, *Hill* makes clear that Movant cannot show prejudice by simply alleging that he would not have pled guilty absent Saviello's alleged deficiency.  The alleged deficiency is Saviello's failure "to investigate or discover potentially exculpatory evidence" – potential alibi witnesses who worked at Texaco.  *See Hill*, 474 U.S. at 59.  The prejudice inquiry thus "depend[s] on the likelihood that discovery of the evidence would have led [Saviello] to change his recommendation as to the plea," which "in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *See id.*

Movant cannot show prejudice because he has offered no evidence to support a finding that the speculative alibi testimony existed, much less that the evidence, if it existed, would have changed the outcome of the trial that was underway when Movant decided to plead guilty.  Movant obviously would not have continued with the trial if Saviello had done what he says he should have done – tried to find the purported Texaco alibi witnesses – but failed to find them because he would have been in the same position as he was in at trial; Movant's claim necessarily is that he

14

would have continued with the trial only if Saviello actually found the Texaco witnesses and only if those witnesses were prepared to provide alibi testimony.

But Movant has neither offered nor identified any evidence that either of those things would have happened if Saviello had done what Movant says he should have done. Almost eight years have passed since the bank robbery. Almost five years have passed since Movant's trial began and ended with his guilty plea. And over four years have passed since Movant first made his claim that there might be Texaco alibi witnesses. Yet Movant, who has had new counsel for over a year, has never presented any evidence to the Court, in connection with his § 2255 motion or otherwise, of any witness that is prepared or able to testify that Movant was somewhere other than the bank at the time it was robbed.

Movant apparently believes the Texaco witnesses exist, as he told the Court four years ago. The problem is that his testimony as to his belief is the only thing he has identified that he could offer at an evidentiary hearing. Movant's speculative, self-serving testimony about potential witnesses whom he cannot identify, by name or otherwise, does not satisfy his burden to show a reasonable probability that testimony from such witnesses "likely would have changed the outcome of a trial." *See Hill*, 474 U.S. at 59; *Cole v. Sec'y, Dep't of Corr.*, No.

6:11-CV-834-ORL, 2013 WL 360356, at *5 (M.D. Fla. Jan. 30, 2013) ("Petitioner has failed to present evidence of actual testimony or any affidavit from [the purported alibi witnesses]. Thus, Petitioner has not made the requisite factual showing as to these purported witnesses. Petitioner's self-serving speculation will not sustain a claim of ineffective assistance of counsel.").  And as noted above, Movant has had at least four years to obtain evidence to corroborate his speculative belief.  He cannot now use § 2255 to do what he could have done years ago.  *See Borden v. Allen*, 646 F.3d 785, 810 & n.31 (11th Cir. 2011) ("[T]he petitioner is, or should be, aware of the evidence to support the claim before bringing his [habeas] petition. . . . [A] habeas case is not a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim.").

Moreover, the only evidence Movant has identified for presentation at a hearing – his own statements that he was at the Texaco at the time of the robbery and unidentified people might corroborate that fact – is not credible because Movant's current statements directly contradict his sworn statements at the plea hearing.  Movant told the Court at the plea hearing that he knew he could call witnesses on his behalf at trial, he was waiving that right by pleading guilty, he robbed the bank on the date and time he now says he was elsewhere, and he was

16

satisfied with Saviello's performance.  (Plea Tr. at 6-16, 19.)  A defendant's sworn

statements during a plea hearing are presumed true and "constitute a formidable

barrier in any subsequent collateral proceedings."  *Blackledge v. Allison*, 431 U.S.

63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of

verity.").

        In short, Movant cannot show prejudice because he has offered no credible

evidence that there is a reasonable probability that if Saviello had investigated

further, alibi witnesses would have testified and changed the outcome of this case at

a trial.[3]  His failure to even proffer any such evidence also dooms his request for an

evidentiary hearing.  *See Hill*, 474 U.S. at 59-60 ("Because petitioner in this case

failed to allege the kind of 'prejudice' necessary to satisfy the second half of the

*Strickland v. Washington* test, the District Court did not err in declining to hold a

hearing on petitioner's ineffective assistance of counsel claim."); *Jones v. White*,

992 F.2d 1548, 1557 (11th Cir. 1993) ("He presented no evidence to demonstrate

that . . . he would not have been convicted had he gone to trial. . . . Thus, he was not

_____

        [3] Nothing short of acquittal of the bank robbery would be more favorable than
Movant's plea agreement because he admits that he faced a mandatory life sentence
if convicted of the bank robbery at trial, which is a longer sentence than he received
under the plea agreement.

17

prejudiced by his guilty plea."); *Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988) (holding that although defendant "did allege in his petition that, but for counsel's advice, he would have demanded a trial," his "mere allegations are obviously insufficient to reach the threshold of 'reasonable probability'"); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (holding no evidentiary hearing warranted and rejecting claim that lawyer was ineffective for not calling defendant's wife as an alibi witness because "there is no basis existing anywhere in the record – save [defendant's] statement in his pro se brief – which supports his assertion as to what his wife would have testified to").

## IV.    Certificate of Appealability ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).  Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate

18

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. Movant has made no showing that he was prejudiced by Saviello's alleged deficient performance. Movant's failure to satisfy both elements of his sole claim of ineffective assistance of counsel is not reasonably debatable.

## V.      Conclusion

For the foregoing reasons, I **RECOMMEND** that Movant's § 2255 motion [171] and a certificate of appealability be **DENIED** and that case number 1:14-cv-1034-RWS-GGB be **DISMISSED**.

**SO RECOMMENDED** this 14th day of August, 2014.


*Gerrilyn G. Brill*

GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

19