IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JULIUS LEROY HARRISON,<br>    Movant, | ::<br>:: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | ::<br>::<br>:: | CRIMINAL ACTION NO.<br>1:08-CR-32-RWS-GGB-1 |
| UNITED STATES OF AMERICA,<br>    Respondent. | ::<br>:: | CIVIL ACTION NO.<br>1:14-CV-1034-RWS-GGB |

## **ORDER**

Movant is a federal prisoner who entered a negotiated guilty plea in this Court to armed bank robbery. Movant, through new counsel, now challenges his judgment of conviction under 28 U.S.C. § 2255. (Doc. 171 in 1:08-cr-32-RWS-GGB.) Movant contends that he pled guilty because his trial counsel, Timothy Saviello, rendered ineffective assistance by not investigating potential alibi witnesses. (*Id.*)

Magistrate Judge Brill issued a Report and Recommendation that Movant's § 2255 motion be denied because Movant had not shown the prejudice required to prevail on his claim and had not offered credible evidence to support an evidentiary hearing on the claim. (Doc. 179 ("R&R").) Movant filed objections to the R&R. (Doc. 181.)

A district judge must conduct a careful and complete review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Movant's claim in his § 2255 motion is essentially the same claim he made to the Court four years ago when he sought to withdraw his guilty plea. At a hearing in April 2010, Movant told the Court that he asked Saviello to subpoena as alibi witnesses people who worked at a Texaco service station at the time of the robbery, but Movant could not identify those people in any way other than to say that they worked there. Saviello told the Court at that hearing that Movant did not remember whether he worked at the service station on the day of the robbery and did not remember the identity of any potential alibi witnesses there. Saviello unsuccessfully attempted to find another witness that Movant was able to identify. Movant claimed that Saviello's failure to investigate the potential alibi witnesses left him no choice but to plead guilty and, if his current contentions are true, lie to the Court when he admitted guilt at his plea hearing. The Court denied Movant's request to withdraw his plea. (Doc. 145.)

2

The R&R concluded that even assuming Movant could show that Saviello was deficient in not investigating the potential alibi witnesses, Movant had not shown prejudice or proffered evidence warranting a hearing on the claim. (R&R at 12-18.) The R&R applied the prejudice standard established in *Hill v. Lockhart*, 474 U.S. 52 (1985), which is the applicable standard for claims like Movant's. That standard is:

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

*Hill*, 474 U.S. at 59. The R&R found that "Movant cannot show prejudice because he has offered no evidence to support a finding that the speculative alibi testimony existed, much less that the evidence, if it existed, would have changed the outcome of the trial that was underway when Movant decided to plead guilty." (R&R at 14.)

Movant ignores *Hill*'s prejudice standard and instead relies on *Code v. Montgomery*, 799 F.2d 1481 (11th Cir. 1986) to support his claim of prejudice. The petitioner in *Code* was convicted of armed robbery after a trial that "was a mere swearing match." *Code*, 799 F.2d at 1482, 1484. His sole defense was alibi, but his lawyer did not investigate that defense or present any witnesses at trial other than the

3

petitioner. *Id.* at 1482-83. The lawyer did not even ask the petitioner during his trial testimony where he was on the day of the robbery. *Id.* at 1482. The lawyer's "trial preparation primarily consisted of calling [petitioner's] mother and suggesting that she attend the upcoming trial." *Id.* The petitioner stood trial "despite his protests that his attorney was unprepared."

The court of appeals found that the lawyer in *Code* was deficient for not broadening his investigation and pursuing the sole alibi defense. *Id.* at 1483-84. The court of appeals also found prejudice, concluding that the lawyer's "failure to adequately investigate and present [petitioner's] alibi defense deprived [petitioner] of a fundamentally fair trial." *Id.* at 1484. The court noted that "[f]ailure to conduct a pretrial investigation and interview witnesses is not a per se sixth amendment violation," but granted habeas relief because the lawyer's "shortcomings effectively deprived [petitioner] of any defense whatsoever." *Id.*

The prejudice inquiry in *Code* was different from this case because the petitioner in *Code* was convicted at a trial where he was deprived of a defense. Movant chose to plead guilty and was not deprived of a defense. In a habeas case, like this one, where a defendant claimed that he pled guilty because of his lawyer's failure to investigate and sought to withdraw the plea, the court of appeals applied *Hill*'s

4

prejudice standard to the ineffective assistance claim and asked whether the petitioner "presented [] evidence . . . that he would not have been convicted had he gone to trial." *Jones v. White*, 992 F.2d 1548, 1553-57 (11th Cir. 1993) ("*Hill* modified the second part of the *Strickland* test in the context of a guilty plea."). Movant must satisfy *Hill*'s prejudice standard, i.e., he must show that he faced a better outcome at trial and thus would not have pled guilty if Saviello had investigated the potential alibi witnesses. *See id.*; *Hill*, 474 U.S. at 59.

Movant has not met that standard because he has offered no alibi evidence to support a finding that he would have been acquitted at trial – the only outcome better than his plea deal because he faced a longer sentence if a jury convicted him – other than his own changed testimony. Movant has not submitted affidavits, identified any alleged alibi witnesses, or submitted any other documentation supporting his post-plea contention that he did not rob the bank and was elsewhere at the time.[1] He has not done so, as the R&R noted, despite the passing of several years and appointment of

---

[1] Those facts also distinguish this case from *Code*. The petitioner in *Code* proffered in his habeas case that he had identified an alibi witness by name to his lawyer before trial and proffered the specific alibi witnesses for the habeas court to consider. *Code*, 799 F.2d at 1482-83. Movant has never identified an alibi witness or proffered any alibi testimony other than his own.

5

new counsel over a year ago. Because he has not shown prejudice or offered any evidence to warrant an evidentiary hearing, his ineffective assistance claim fails.

Accordingly, the Court **OVERRULES** Movant's objections [181] and **ADOPTS** the R&R [179] as the opinion of the Court. Movant's § 2255 motion [171] and a certificate of appealability are **DENIED**. Civil action number 1:14-cv-1034-RWS-GGB is **DISMISSED**.

**SO ORDERED** this  3rd  day of September, 2014.

_____
**RICHARD W. STORY**
United States District Judge